UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00522-RJC
(3:16-cr-00257-RJC-DCK-1)

| | |
|---|---|
| **ROBERT WILLIAM KENDRICK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On January 23, 2017, Petitioner Robert William Kendrick ("Petitioner") pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [CR Doc. 22: Acceptance and Entry of Guilty Plea; see Doc. 10: Indictment]. Petitioner was sentenced to a total term of imprisonment of 262 months, which included a mandatory 60-month consecutive sentence on the § 924(c) count. [CR Doc. 34; Judgment]. The Fourth Circuit affirmed. United States v. Kendrick, 716 Fed. App'x 224 (4th Cir. 2018).

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00522-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00257-RJC-DCK-1.

On March 28, 2022, Petitioner filed a § 2255 motion to vacate, which this Court denied and dismissed on the merits on May 20, 2022. [Civil Case No. 3:22-cv-00145-RJC, Docs. 1, 3, 4]. Petitioner filed the instant § 2255 motion to vacate on September 26, 2022. [CV Doc. 1]. In the instant motion, which is not signed under penalty of perjury, Petitioner primarily seeks relief under United States v. Taylor, 142 S.Ct. 2015 (2022), and Borden v. United States, 141 S.Ct. 1817 (2021). [See id.]. Petitioner asks "for a remand and proper re-sentence as relief in light of recent cases, Taylor, and Borden." [Id. at 16].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

On March 28, 2022, Petitioner previously filed a motion to vacate the same criminal

conviction and sentence he challenges here, which was dismissed on the merits, and Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 7, 2022

Robert J. Conrad, Jr.
United States District Judge